UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JAMES & JUANITA MCHENRY** <br><br> Plaintiffs, <br><br> v. <br><br> **FCA US LLC** <br><br> Defendant. | Case No. 3:23-cv-00479 <br><br> Complaint and Demand for Jury Trial |

## COMPLAINT

**JAMES & JUANITA MCHENRY** ("Plaintiffs"), by and through their attorneys, **Kimmel & Silverman, P.C.**, allege the following against **FCA US LLC** ("Defendant"):

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Magnuson-Moss Warranty Act ("Warranty Act"), Chapter 15 U.S.C.A., § 2301, *et. seq.*, breach of implied warranty of merchantability pursuant to the Magnuson-Moss Warranty Act, and Tex. Bus. & Com. Code §§ 2.313, 2.314.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this matter pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), in that the Plaintiffs' claims are more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendant who conducts business in the State of Texas.

1

4. Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiffs purchased the subject vehicle in Travis County; a substantial part of the events giving rise to the Plaintiffs' claims occurred within this District; this District is where Defendant directs and controls warranty repairs on covered vehicles; Defendant is subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

**PARTIES**

5. Plaintiffs are adult individuals residing in Lancaster, Texas, 75146.

6. Defendant FCA US LLC is a company qualified to and regularly conducts business in the State of Texas, headquartered in Detroit MI 48265. Defendant is engaged in the manufacture, sale, and distribution of motor vehicles and related equipment and services. Defendant is also in the business of marketing, supplying and selling written warranties to the public at large through a system of authorized dealerships, including D&M Leasing Mid Cities ("Seller") located in Fort Worth, Texas 76102.

**FACTUAL ALLEGATIONS**

7. On or about April 06, 2022, Plaintiffs purchased a used 2019 RAM 1500 from D&M Leasing Mid Cities located in Fort Worth, Texas bearing the vehicle Identification Number 1C6RREJT1KN706295 (hereinafter the "vehicle"). A true and accurate copy of the Retail Purchase Agreement are attached as **Exhibit "A."**

8. At all times relevant hereto, the subject vehicle was registered in the State of Texas.

9. The out of pocket damages incurred, plus contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges totaled more than $50,806.60 *See* Exhibit "A".

10. In consideration for the purchase, Defendant issued to Plaintiffs several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

11. The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the purchase of Defendant's product by Plaintiffs.

12. Defendant issued an express written warranty as well as other guarantees, affirmations and undertakings as detailed in Defendant's warranty materials and owner's manual.

13. The vehicle has required repairs and they have been attempted by Defendant's authorized service facility, however they were largely, if not entirely, ineffective. As a result of these, the use, value and safety of the vehicle have been substantially impaired and unable to be utilized for its intended purposes.

14. The subject vehicle continues to exhibit defects, conditions and non-conformities, specifically but not limited to the transmission issues. In connection with those substantial non-conformities, Plaintiffs presented the vehicle for repair.

15. Plaintiffs have delivered the vehicle to Defendant's authorized service and repair facility, Freedom Chrysler Dodge Jeep Ram ("Service Facility"), on May 03, 2022, July 12, 2022, August 23, 2022, September 08, 2022, and November 22, 2022, to remedy these concerns, which are covered by the warranty issued by Defendant. A true and accurate copy of these Repair Orders are attached as **Exhibit "B".**

- May 03, 2022-May 10, 2022; 39,402 miles. Plaintiffs presented the vehicle to the authorized dealership for the check engine warning light activating, signaling a serious operational deficit with the vehicle. The

- vehicle was kept out of service for eight (8) days in connection with this repair attempt.

- July 12, 2022-July 19, 2022; 42,568 miles. Plaintiffs presented the vehicle for a second time to the authorized dealership for the check engine warning light activating and engine misfire. The dealer kept the car out of service for eight (8) days in connection with this repair attempt.

- August 23, 2022-August 27, 2022, 44,000 miles. Plaintiffs presented the vehicle once again for a third time to the authorized dealership for the check engine warning light activating engine misfire, The vehicle was kept out of service for five (5) days in connection with this repair attempt.

- September 08, 2022-September 15, 2022, 44,356 miles. Plaintiffs presented the vehicle for a fourth time to the authorized dealership for the check engine warning light activating. The vehicle was kept out of service for eight (8) days in connection with this repair attempt.

- November 22, 2022-December 4, 2022, 48,890 miles. Plaintiffs presented the vehicle for a fifth time to the authorized dealership for the check engine warning light activating. The vehicle was kept out of service for thirteen (13) days in connection with this repair attempt.

16. The vehicle was and continues to be defective and exhibit non-conformities and has been out of service for at least **forty-two (42) days.**

17. The vehicle remains in a defective and/or unrelaible state and is substantially impaired.

18. The repetitive defects and non-conformities reveal inability vis-à-vis its authorized service dealers, to repair it in accordance with the warranty obligations owed

19. Plaintiffs no longer feel safe driving the subject vehicle and justifiably have no confidence in the dealer's efforts at repairing the car permanently and/or in the reliablity of the subject vehicle.

## FIRST CAUSE OF ACTION
**Breach of Warranty Pursuant to the Magnuson-Moss Warranty Improvement Act, 15 U.S.C. § 2301,** *et seq***.**

20. Plaintiffs incorporate by reference the above paragraphs of this Complaint as though fully stated herein.

21. Plaintiffs are "consumers" as defined in 15 U.S.C. § 2301(3).

22. Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4)-(5).

23. The subject vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

24. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written warranty.

25. 15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiffs.

26. Defendant has attempted to comply with the terms of its express warranties, implied warranties and contracts; however, its efforts through its authorized service and repair facilities, have failed to timely and/or properly make effective repairs ineffective.

27. Defendant has failed to remedy the defects and non-conformities within a

reasonable time, and/or a reasonable number of attempts, thereby breaching the written warranty applicable to the vehicle.

28. The vehicle does not meet the safety and reliability standards promised by Defendant.

29. As a result of Defendant's inability to make the vehicle conform to the warranty standard and being unable and/or unwilling to remedy valid vehicle concerns, problems, Plaintiffs have been required to retain legal counsel and seek legal redress.

30. The Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §2310(d)(2) provides:

   a. If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon actual time expended), determined by the court to have been reasonably incurred by the Plaintiffs for, or in connection with the commencement and prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.

31. Plaintiffs have afforded Defendant a reasonable number of opportunities to conform the vehicle to the aforementioned express warranties, implied warranties and contracts.

32. As a direct and proximate result of Defendant's failure to comply with its express written, implied warranties and obligations, Plaintiffs have suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiffs are entitled to bring suit for such damages and other legal and equitable relief.

33. Further as the written warranty was not provided to Plaintiffs until after the vehicle was delivered, nullifying any and all limitations, disclaimers and/or alternative dispute provisions and making them ineffective for a failure of consideration.

34. Plaintiffs aver that upon successfully prevailing upon the Magnuson-Moss claim herein, they are required to damages plus all attorney fees and costs. As such Plaintiffs respectfully demand judgment against Defendant in an amount equal to the price of the subject

vehicle, plus all collateral charges, incidental and consequential damages, reasonable attorneys' fees, and all court costs.

## SECOND CAUSE OF ACTION
### Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. and Tex. Bus. & Com. Code § 2.314

35. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant is a merchant with respect to motor vehicles.

37. The vehicle was subject to implied warranties of merchantability, as defined in 15 U.S.C. § 2308 and V.T.C.A., Bus. & C. § 2.314, running from the Defendant to the Plaintiffs.

38. An implied warranty that the vehicle was merchantable arose by operation of law as part of the purchase of the vehicle.

39. Defendant has breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when Plaintiffs purchased it, or thereafter, and it is substantially unfit for the ordinary purposes for which such vehicles are used.

40. The persistent and unresolved defects are unreasonably dangerous and distracting, especially when issues described above occur while the vehicle is being driven. The clear risk of accident and/or injuries to driver, passengers, and others who share the road as a result of these constitute a breach of implied warranty by Defendant.

41. Plaintiffs notified Defendant of these defects within a reasonable time after Plaintiffs discovered them when they returned the vehicle for repairs.

42. As a result of Defendant's several incidences of breach, Plaintiffs have suffered damages, including but not limited to incidental and consequential damages, plus attorney fees and costs to recover same.

## THIRD CAUSE OF ACTION
### Breach of Express Warranties and Tex. Bus. & Com. Code § 2.313

43. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. In connection with the sale of the vehicle, Defendant provided the Plaintiffs with a vehicle limited warranty, under which it agreed to repair original components found to be defective in material or workmanship under normal use and maintenance, including the brake system and its components.

45. Plaintiffs relied on Defendant's warranties when they agreed to purchase the vehicle as a basis of the bargain.

46. Defendant failed to comply with the terms of the express written warranty provided to Plaintiffs, by failing to fully repair the defects

47. Plaintiffs have given Defendant a reasonable number of opportunities to bring the vehicle into compliance with the warranty obligations, but Defendant has been unable to do so within a reasonable time and any repairs that were performed, were not permanent.

48. As a result of said nonconformities, Plaintiffs cannot reasonably rely on the vehicle for ordinary purposes, which are safe, reliable and efficient transportation.

49. Plaintiffs did not and could not have discovered said nonconformities with the

vehicle prior to Plaintiffs' acceptance of the vehicle, however at the time of purchase Defendant was aware that this model was built and sold with the known defects and non-conformities. In fact, Defendant was so well aware of these issues that it developed a number of different technical service bulletins, also known as "secret warranties", intending to address the issues. As seen however, even these measures were short-lived.

50. Plaintiffs would not have purchased the vehicle, had they known, that the vehicle contained the aforementioned defects.

51. As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the express warranties, Plaintiffs have suffered actual and consequential damages. Such damages include, but are not limited to, the loss of the use and enjoyment of their vehicle, and a diminution in the value of the vehicle with the defects identified herein.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs, **JAMES & JUANITA MCHENRY ,** respectfully pray for judgment as follows:

    a. An order approving revocation of acceptance of the subject vehicle;

    b. The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages under all Counts above;

    c. Incidental and consequential damages;

    d. For a trial by jury on all issues except the determination of reasonable attorney's fees and costs which are reserved for determination by the Court in the event that Plaintiffs prevail at a trial on the merits and after all attorney time and effort has been completed;

    e. For a determination by the jury of as much as treble actual damages, as specifically set forth in §17.50(h) "without regard to whether the conduct of the defendant was committed intentionally…"

    f. Costs, including expert witness fees and reasonable attorney's fees; and

    g. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiffs, **JAMES & JUANITA MCHENRY**, demands a jury trial in this case.

Respectfully submitted,

By: *s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Phone: 401-764-5566
atroccoli@creditlaw.com